IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ANDY ABBETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:04-CV-01102- |
| ) | WKW-VPM (WO) |
| BANK OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

This case is before the Court on several pretrial motions: Mr. Abbett's Motion to Accept as Timely Filed (Doc. # 126), Bank of America's Motion for Leave to Supplement (Doc. # 127), Mr. Abbett's Motion in Limine (Doc. # 131), and Mr. Abbett's Motion to Quash (Doc. # 138). The Court ORDERS the following:

1. Motion to Accept as Timely Filed

Mr. Abbett's Motion to Accept as Timely Filed (Doc. # 126) is GRANTED.

2. Motion in Limine

It is ORDERED that Mr. Abbett's Motion in Limine (Doc. # 131) is GRANTED in part and DENIED in part. Other than the fact of the charge made at Eddie's Pawn Shop, which appears on Bank of America's October 31, 2001 account statement, all testimony, evidence, and argument related to the early October 2001 purchase is excluded to the extent that Bank of America seeks to admit such evidence in its case in chief.

Bank of America contends that Mr. Abbett became a contractually liable party on November 11, 2001. A purchase made on Sandra Bruyn's account before her marriage to Andy Abbett predates this controversy. Additionally, the evidence was not timely disclosed by Bank of

America.  Rule 37(c)(1) of the Federal Rules of Civil Procedure gives district courts the discretion to exclude at trial evidence that has not been timely disclosed under the discovery rules.  *Bearint v. Dorell Juvenile Group, Inc.*, 389 F.3d 1339 (11th Cir. 2004).  Bank of America asserts that it was not aware of the existence of the pawn shop records until last week, yet criticizes the plaintiff for claiming surprise when presented with the pawn shop documents.  However, both parties were on notice of all of the transactions on Account 8023.  Bank of America seeks to use these documents at trial to establish Mr. Abbett's liability and, as such, is required to disclose the evidence in a timely manner.  Making the plaintiff aware of the intended use of the documents a week or so before trial is not a timely disclosure--even if Bank of America just discovered the information.  Bank of America has not presented a compelling reason why the documents could not have been discovered during the discovery period and then disclosed through either its original or supplemental disclosures.  The Court finds that Bank of America is "without substantial justification" for the untimely disclosure; therefore, the evidence is excluded on this basis.

Nevertheless, should Bank of America choose to use the pawn shop evidence solely for impeachment purposes, it may do so.  Parties are not required to disclose impeachment evidence.  *See* Fed. R. Civ. P. 26(a)(3). With respect to impeachment purposes, Mr. Abbett's motion in limine is DENIED.

    3. <u>Motion to Quash</u>

Mr. Abbett has filed a Motion to Quash (Doc. # 138) a subpoena for a deposition issued to an employee of Eddie's Pawn shop, notice of which Plaintiff's counsel received by telephone on April 5, 2006.  Bank of America has responded that no subpoena has been issued and it seeks to

depose the pawnshop employee for the purpose of authenticating pawnshop documents for admissibility at trial and to preserve testimony.

Because no subpoena exists, the Motion to Quash is DENIED as MOOT. Bank of America asks that it "be permitted to proceed with the trial preservation deposition of the pawn shop records custodian" (Doc. # 139). The Court deems this request as a motion for leave to reopen discovery for this limited purpose. Such motion (Doc. # 139) is DENIED because discovery in this case has been closed since November 11, 2005, per the Uniform Scheduling Order (Doc. # 50).

    4. <u>Motion for Leave to Supplement</u>

Bank of America's Motion for Leave to Supplement (Doc. # 127-1) is GRANTED in part and DENIED in part. For the reasons stated above, the motion to supplement is DENIED with respect to the supplemental exhibit and witness lists. The motion to supplement is GRANTED with respect to the motion in limine (Doc. # 127-6) and the proposed jury charges (Doc. # 127-7). A ruling on the supplemental motion in limine (Doc. # 127-6) is RESERVED until oral argument on the motion on April 10, 2006, at 9:00 a.m.

The Plaintiff shall arrange for a status conference by telephone on April 7, 2006, at 1:00 p.m., or such other time on said date as shall be agreed upon by the Court and all parties.

Done this the 6th day of April, 2006.

                      /s/ W. Keith Watkins
                      UNITED STATES DISTRICT JUDGE